# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TIMOTHY HILLSMAN #00137728,     )
                                    )

        Petitioner,            )
                                    )

v.                                )       **Case No. 3:15-cv-00391**
                                    )

**SHERIFF KEVIN SUGG,**        )       **Judge Campbell**
                                    )

        Respondent.        )

## MEMORANDUM

This matter is before the Court on the Respondent's motion (ECF No. 9) to dismiss[1] Petitioner's petition for the writ of *habeas corpus* under 28 U.S.C. § 2254, to which Petitioner has not responded. As grounds for his motion, Respondent asserts that the petition is barred by the applicable statute of limitations, that Petitioner's claim is unexhausted, and that the claim is not cognizable under federal *habeas* law. (ECF Nos. 9 and 10.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events. 28 U.S.C. § 2244(d)(1). Respondent focuses solely on the first of those events - the date on which Petitioner's criminal judgment became final. (ECF No. 10, at 2.) But Petitioner's claim does not arise from the judgment against him. Rather, Petitioner claims that Respondent has wrongfully kept him incarcerated after he was granted parole on January 5, 2015. (ECF No. 1, at 1–2 and 5.) The timeliness of Petitioner's claim is therefore governed by another event - the date on

---

[1]Respondent cites Fed. R. Civ. P. 12(b)(6) as a procedural basis for its motion. There is some disagreement in case law regarding the applicability of Fed. R. Civ. P. 12 to actions brought under § 2254. *Compare O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 269 n. 14 (1978) for the proposition that "[t]he Supreme Court has stated that the view that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding is erroneous"), *with Ahmed v. Houk*, No. 2:07-CV-658, 2010 WL 3656010, at *2 (S.D. Ohio July 30, 2010) report and recommendation adopted, No. 2:07-CV-658, 2010 WL 3656007 (S.D. Ohio Sept. 14, 2010) (stating that *O'Bremski* misconstrues *Browder*, and that Rule 12 motions are "completely appropriate" where otherwise applicable in *habeas* cases; *see also Goff v. Welch*, No. 5:10CV1240, 2011 WL 3840763, at *2 (N.D. Ohio June 1, 2011) report and recommendation adopted, No. 5:10CV1240, 2011 WL 3812637 (N.D. Ohio Aug. 26, 2011) (indicating that Rule 12 motions are authorized in *habeas* cases as consistent with *habeas* procedure). The Court finds it unnecessary to resolve that question in this case, as Rule 4 of the Rules Governing § 2254 Cases authorizes the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under either rule, the Court in ruling on a motion to dismiss construes a *pro se* petition liberally in favor of the petitioner and accepts as true all facts alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

which its factual predicate could have been discovered. 28 U.S.C. § 2244(d)(1)(D); *see also Ali v. Tennessee Board of Pardon and Parolees*, 431 F.3d 896, 898 (6th Cir. 2005) (challenge to the parole board's denial of release on parole timely where filed within one year of decision denying release on parole). Because that factual predicate arose in this case sometime since Petitioner was formally granted parole on January 5, 2015, Petitioner's claim is timely.

AEDPA also provides that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal habeas court to the state courts. 28 U.S.C. §§ 2254(b) & (c); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Petitioner alleges that he and his family have made several phone calls to state officials and other unspecified "attempts at resolving this issue." (ECF No. 1, at 2.) He does not allege that he filed any action in state court seeking relief on the present claim. Respondent argues that "it is clear" that he has not done so, but does not indicate what state court remedies are available to Petitioner under these circumstances. (ECF No. 10, at 4–5.) On the face of these pleadings, it is not entirely clear to the Court whether there are any state remedies for Petitioner to exhaust, the absence of which would obviously make dismissal for failure to exhaust inappropriate. *See* 28 U.S.C. § 2254(b)(1)(B)(i) (exhaustion not required when "there is an absence of available State corrective process"); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 ("The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law."). Because Petitioner's claim ultimately fails on the merits, however, the Court need not determine whether it could properly be dismissed for failure to exhaust.[2]

Petitioner is only entitled to *habeas corpus* relief if he is imprisoned in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In this case, that means his right to relief turns on whether he has a right to early release from his prison sentence arising from the fact that he was granted parole.

---

[2]28 U.S.C. § 2254(b)(2) expressly provides that a district court may deny a habeas petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The Supreme Court has long held that it is appropriate for a district court to dismiss a petition on the merits without regard to exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *see also Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *7 (S.D. Ohio Sept. 28, 2007) ("[I]t has long been held that if the unexhausted claims are plainly meritless, it is in the interests of the parties and judicial economy to promptly address the merits of the petition without requiring exhaustion.") "[W]here, as here, a habeas petitioner's unexhausted claim is patently without merit, the interests of judicial economy recommend disposing of that claim once and for all." *Marshall v. Bristol Superior Court*, 753 F.3d 10, 17 (1st Cir. 2014) (quoting *Coningford v. Rhode Island*, 640 F.3d 478, 483 (1st Cir.2011)) (internal punctuation omitted).

Prisoners do not have any due process liberty interest in early release on parole except where they have "a legitimate claim of *entitlement* to it," which does not exist in the Constitution and can only be found in state law. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, at 7 (1979)) (emphasis in *Inmates of Orient*). The Sixth Circuit has expressly held that Tennessee law does not create a liberty interest in parole. *Wright v. Trammell*, 810 F.2d 589, 590–91 (6th Cir.1987); Tenn. Code Ann. §§ 40–28–117(a) (defining parole as "a privilege and not a right" and holding that if parole board determines that parole is appropriate "the prisoner *may* be paroled" (emphasis added)). Because Tennessee law does not provide any substantive liberty interest in parole, Petitioner may not challenge the procedures surrounding parole determinations. *Settle v. Tennessee Dep't of Corr.*, 487 Fed.Appx. 290, 291 (6th Cir. 2012) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) and *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994) (*en banc*)).

Where state law does not create any liberty interest in parole, even a parole board's decision to grant parole does not give rise to such an interest. *Jago v. Van Curen*, 454 U.S. 14 (1981) (reversing Sixth Circuit holding that grant of parole created a "mutually explicit understanding" that created a liberty interest in release). An inmate who has been notified of a decision to release him on parole – and even been allowed to take affirmative steps toward release – may nevertheless have his parole rescinded and release denied, without any right to further hearing. *Id.* (inmate notified that parole was granted, completed prerelease classes and was measured for civilian clothes before parole was rescinded without hearing); *Inmates of Orient Corr. Inst.*, 929 F.2d at 238 (notice of decision to grant parole and subsequent transfer to prerelease facility "may buttress an inmate's subjective expectation that he will be released on parole, but . . . cannot create a legitimate claim of entitlement to release"); *Zavodsky v. Berghuis*, No. 1:12-cv-451, 2012 WL 2052112, at *3 (W.D. Mich. June 6, 2012) (dismissing *habeas* petition because "the mere fact that the Michigan Parole Board initially recommended granting parole to Petitioner did not create an enforceable liberty interest in release on parole").

Although the cases cited above involve instances where state officials rescinded a grant of parole, the same conclusion necessarily applies regardless of whether Petitioner's parole has been rescinded or just significantly delayed. As another district court within the Sixth Circuit has explained:

Plaintiff in this action seeks to distinguish *Jago* because his parole release was delayed whereas the release of Jago was rescinded. However, this distinction creates an even stronger case for finding that Plaintiff had no protected liberty interest in his release. A decision to rescind a parole release is more significant and thus likely to deserve more protection than a decision merely to delay a parole release. Therefore, this Court rejects Plaintiff's attempt to distinguish *Jago*. Plaintiff had no liberty interest in his parole release even after the board notified him that he would be paroled.

*Poor v. Sandford*, No. 07-12335, 2008 WL 363371, at *2 (E.D. Mich. Feb. 11, 2008) (dismissing an action brought by an inmate whose release on parole was delayed approximately six months beyond his projected release date at the time parole was granted). This Court agrees.

Accordingly, it is plain that Petitioner is not entitled to relief based on the delay or rescission of his parole, and his petition must be dismissed. An appropriate Order shall enter.

TODD CAMPBELL
United States District Judge